IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SAMUEL J. SWIGER, individually and
as next friend of Joseph S. Swiger,
BRENDA F. SWIGER, individually and
as next friend of Joseph S. Swiger,
JOSEPH S. SWIGER, an infant, individually
and as representatives of the class of
other similarly situated individuals,**

        **Plaintiffs,**

**v.**                                  //    **CIVIL ACTION NO. 1:06CV138**
                                                      **(Judge Keeley)**

**UNITED VALLEY INSURANCE COMPANY,
a foreign corporation doing business
in West Virginia, LON R. GREENBERG,
EUGENE VAN NAME BISSELL, R. PAUL GRADY,
CRAWFORD & COMPANY, a corporation doing
business in West Virginia also known as
Crawford & Crawford Insurance Adjustors,
Inc., MARK P. GRIFFITH, DANIEL W. HOOVER,
ASSOCIATED ELECTRIC & GAS INSURANCE
SERVICES, LTD. (AEGIS), ENERGY INSURANCE
MUTUAL, LTD., NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, STARR EXCESS LIABILITY
INSURANCE COMPANY, LTD, ACE GROUP OF COMPANIES,
ACE INSURANCE COMPANY LIMITED, ACE INSURANCE
COMPANY, ACE USA and AMERICAN INTERNATIONAL
GROUP, INC.,**

        **Defendants.**

**ORDER MEMORIALIZING RULINGS MADE
AT HEARING ON APRIL 16, 2007**

On October 19, 1996, the plaintiffs, Samuel and Brenda Swiger (the "Swigers") and their infant son, Joseph, were injured by a propane explosion that occurred on their property. Thereafter, in 1998, the Swigers, as named representatives, filed a putative class action in the Circuit Court of Harrison County, West Virginia, naming the defendants in the above-styled case. In the case, the

**SWIGER, ET AL V. UNITED VALLEY INS. CO., ET AL.          1:06CV138**

**ORDER MEMORIALIZING COURT'S APRIL 16, 2007 RULINGS**

Swigers seek a declaration of coverage under a series of insurance contracts issued either to defendant UGI Corporation[1] ("UGI") or its captive insurer, defendant United Valley Insurance Company ("UVIC"). They also bring a third-party bad faith claim under the West Virginia Unfair Trade Practices Act.

UVIC and defendant Ace Bermuda Insurance Ltd[2] ("Ace Bermuda") are parties to one of the insurance contracts at issue in the case.[3] That contract contains an arbitration provision that mandates the arbitration of disputes in London, England pursuant several United Kingdom Arbitration Acts. After UVIC brought cross-claims against all defendants while this case was still pending in the Harrison County Circuit Court, Ace Bermuda filed a demand for arbitration under that contract. UVIC countered with a motion to enjoin arbitration which the Swigers joined. After a hearing in state court, but before written rulings were entered, on September 13, 2006, Ace Bermuda removed the case to this Court under the Convention on the Recognition and Enforcement of Foreign

---

[1] UGI is the parent company for Ameri-Gas, the Swigers' gas company at the time of the 1996 explosion.

[2] Sued as part of the "Ace Group" of defendants, Ace Insurance Company, Ltd., Ace USA, and Ace Group of Companies

[3] The parties dispute whether that contract is a reinsurance contract, an excess insurance contract or both.

Arbitral Awards (the "Convention") and §§ 202 and 205 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201, *et. seq.*

On October 13, 2006, the Swigers moved to remand the case to the Harrison County Circuit Court on several alternative theories and, subsequently, moved to stay all proceedings on October 18, 2006. By its November 1, 2006 Order, the Court granted the motion to stay. Thereafter, on April 16, 2007, the Court conducted a hearing to resolve the jurisdictional issues raised by Ace Bermuda's removal of the case to federal court and the Swigers' motion to remand the case to state court.

## Discussion

Pursuant to § 202 of the FAA, "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial . . . falls under the Convention" unless that agreement arises out of a relationship "entirely between citizens of the United States." 9 U.S.C. § 202. Further, under § 205 of the FAA:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the

>     face of the complaint but may be shown in the petition
>     for removal.

9 U.S.C. § 205.

In this case, the arbitration provision in the insurance contract between UVIC and Ace Bermuda relates to commercial matters, and there is no dispute that Ace Bermuda is a foreign entity. Thus, given that it is covered by the Convention, and given the complete preemption of the FAA, on April 16, 2007, the Court found that Ace Bermuda properly had removed this case.[4] Accordingly, the Court **DENIED** the Swigers' motion to remand. (Doc. No. 11.) In doing so, however, it declined to exercise supplemental jurisdiction over any issue falling outside the issues of arbitration triggered by the pleadings of the Ace entities under the contract between UVIC and Ace and completely preempted by the FAA.[5]

Specifically, the Court retains jurisdiction over any issues relating to the arbitration agreement in the insurance contract

---

[4] While no provision of the FAA requires that a party to an arbitration agreement falling under the Convention obtain the consent of other defendants prior to removal, Ace Bermuda obtained the consent of all defendants but UVIC before removing the case. Because UVIC is a party-opponent on their cross-claims against Ace Bermuda, the Court found unanimity of consent for removal.

[5] During the April 16, 2007 hearing, counsel for defendant Starr Excess advised the Court that, like the Ace entities, it has insurance contracts at issue in this case containing similar arbitration provisions. The Court noted that neither Starr Excess, nor any other party, had raised that issue in any pleading before the Court. Therefore, the Court did not retain jurisdiction over defendant Starr Excess or any issues relating to its policies.

**SWIGER, ET AL. v. UNITED VALLEY INSURANCE CO., ET AL. 1:06CV138**

**ORDER MEMORIALIZING COURT'S APRIL 16, 2007 RULINGS**

between Ace Bermuda and UVIC, any cross-claims brought by UVIC against ACE, UVIC's motion to enjoin arbitration, and the question of Ace Bermuda's coverage which is tied to the contract's arbitration provision. The Court **REMANDS** all other issues in this case to the Circuit Court of Harrison County, West Virginia for further proceedings. Finally, the Court **LIFTS** the stay imposed by its November 1, 2006 Order and **ORDERS** the parties to file status reports within fifteen (15) days of the entry of this Order with regard to litigation strategy and the further progression of this case.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: September 20, 2007.

>                /s/ Irene M. Keeley
>                IRENE M. KEELEY
>                UNITED STATES DISTRICT JUDGE